**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------X------------------------------
BOURENQUE LACEWLL
OTIS POWELL
ZAYQUAN POWELL

        Plaintiff

    against

CASE No.:14-CV-5952

CIVIL ACTION

**COMPLAINT**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT
P.O. "JANE DOE" AND "JOHN DOE"

**PLAINTIFF DEMANDS JURY TRIAL**

1 through 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff.
        Defendant(s)
---------------------------------------X------------------------------

Plaintiffs, BOURENQUE LACEWELL, OTIS POWELL and ZAQUAN POWELL, complaining of the defendants, The City of New York, The New York City Police Department, POLICE OFFICERS, "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. This is an action to further seek compensation for the serious and permanent psychological injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting and malicious prosecution plaintiff.

**JURISDICTION**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**PARTIES**

6. Plaintiffs, BOURENQUE LACEWELL, OTIS POWELL and ZAQUAN POWELL all reside in Kings County, and are residents of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being

sued in both their individual and official capacities.

9. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11.  On or about July 9, 2009 about (10) police officers employed with the New York City Police Department, without probable cause and/or justification, woke plaintiffs and arrested the plaintiffs at their home located at 393 Dumont Avenue, Apartment 1B, Brooklyn, New York 11212, located in the County of Kings and the Police Officers with gun drawn demanded that they come with them and that the Plaintiffs have been involved in a crime. The malicious prosecution continued until the disposition of the case about October 10, 2010.

12.  Prior to and after effecting the illegal arrest against the plaintiffs informed the police officers that plaintiffs were not the suspects they sought and there was no cause to take them into custody. Thereafter Defendants with their Agents pushed the plaintiffs against the wall asserting unnecessary and excessive force then placed handcuffs on the plaintiffs excessively tight. Thereafter, they transported plaintiffs first to the police Precinct where they were booked.

13. After being unduly detained plaintiffs were eventually released the following day.

14. Plaintiffs eventually saw a Judge after 24 hours in jail and were released but the prosecution continued.

15.  That even though the defendant police officers knew or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiffs, charged them

just to intimidate plaintiffs, further aggravating plaintiffs injuries.

16.   That at no time during the arrests was the plaintiffs read their Miranda rights.

17.   At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

18.   As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

19.   The unlawful arrest of plaintiffs, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

20.   As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

21.   As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused severe strain and breakdown in their personal relationships, in and outside of their homes.

22.   As a direct and proximate result of defendants' actions, plaintiffs were arrested, detained and maliciously prosecuted without just or probable cause.

23. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

26. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

27. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

28. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

29. Upon information and belief, Defendant, The City of New York, despite having knowledge

of unconstitutional acts and practices of its police officers, failed to properly train, monitor, investigate, and/or discipline its officers with respect to the constitutional rights of the persons over whom they are sworn to protect and serve. Additionally and/or alternatively, upon information and belief, the unconstitutional actions visited upon Plaintiffs by the Defendants herein are part of a custom or practice of Defendant, The City of New York which permits the infringement of citizens' rights to be free from false arrest, malicious prosecution, excessive force, deprivation of medical care and treatment; and unreasonable searches and seizures.

30. The injuries for which the Plaintiffs seeks compensation herein are for the arrest and illegal detention; malicious prosecution; damage to Plaintiffs reputation, both personal and professional; loss of enjoyment of life; and other constitutional and non-constitutional violations that caused Plaintiffs harm. Said wrongs, acts, and violations have caused Plaintiffs harm, injury and damages as follows:

(a) Plaintiffs have suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiousness, fear and dread;

(b) Plaintiffs have been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

(c) Plaintiffs have been damaged in his good name, reputation and standing in the community;

(d) Plaintiffs have been subjected to humiliation, embarrassment, indignity, and shame;

(e) Plaintiffs have suffered injury to family and community relations;

(f) Plaintiffs have been caused to incur legal fees and expenses and will incur additional legal fees and expenses in the future; and

(g) Plaintiffs have suffered deprivation of his liberty, invasion of his privacy and have otherwise suffered deprivation of his human, civil and constitutional rights in violation of the laws and constitutions of the United States and the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE CONSTITUTION <u>FOR FALSE ARREST</u>

31. Plaintiff repeats and re-alleges each and every allegation set forth in the above paragraphs.

32. Plaintiffs have a constitutional right to be free from arrest in the absence of probable cause that he committed an offense punishable by law.

33. Plaintiffs arrest was not supported by probable cause nor otherwise privileged.

34. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE CONSTITUTION <u>FOR MALICIOUS PROSECUTION</u>

35. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs.

36. Plaintiffs have a constitutional right to be free from prosecution in the absence of probable cause that he committed an offense punishable by law.

37. Plaintiffs persecution and prosecutions were not supported by probable cause nor otherwise privileged.

38. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE CONSTITUTION <u>FOR UNREASONABLE USE OF FORCE</u>

39. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs.

40. Plaintiffs have a constitutional right to be free from the unreasonable use of force in the course of a search or seizure by police.

41. Plaintiffs were subjected to unreasonable force by Defendants in the course of their search of Plaintiffs home and their subsequent seizure of Plaintiff.

42. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

## AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR UNREASONABLE SEARCH

43. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs.

44. Plaintiffs have a constitutional right to be free from a search of their home by police without a warrant.

45. Defendants did not have a warrant nor Plaintiffs consent when they entered Plaintiffs home; their actions were per se unreasonable and a clear violation of Plaintiffs Fourth Amendment rights.

46. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

## AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT FOR DENIAL OF MEDICAL ATTENTION

47. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs.

48. Plaintiffs have a constitutional right to access medically necessary care and treatment while in the custody of police.

49. Defendants deprived Plaintiffs of their right in refusing Plaintiffs prompt access to medically necessary treatment and care.

50. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

## AS AND FOR THE SIXTH, SEVENTH, EIGHTH, NINTH, AND TENTH CAUSES OF ACTION PURSUANT TO THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANTS SAUNDERS; WANDELL; VANSKIVER; AND JOHN DOE(S) AND JANE DOE(S)

51. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs.

52. Plaintiffs have a constitutional right to be free from arrest in the absence of probable cause that they committed an offense punishable by law; a constitutional right to be free from prosecution in the absence of probable cause that they committed an offense punishable by law; a constitutional right to be free from the unreasonable use of force in the course of a search or seizure; a constitutional right to be free from search of their home by police without a warrant; and a constitutional right to access medically necessary care and treatment while in the custody of police.

53. Defendants deprived Plaintiffs of these rights in violation of the New York State Constitution, Article I, Sections 1, 5, 6, and 12.

54. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs have suffered damages as set forth above and is entitled to compensation therefor.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court assume jurisdiction herein and thereafter:

1. Award Plaintiffs appropriate compensatory and punitive damages in an amount not less than $3,500,000.00;

2. Award reasonable attorney's fees, disbursements, and costs of this action;

3. Grant the Plaintiffs injunctive and declaratory relief, including a declaratory judgment finding each Defendants violated the rights of the Plaintiffs and precluding Defendants from so acting against others in the future; and

4. Award such other and further relief as this Court deems just and proper.

JURY DEMAND
Plaintiffs demand a jury trial for all claims stated herein.

Dated: October 9, 2014

Queens, New York

Respectfully Submitted

/s/ Osita E. Okocha

**OSITA EMMANUEL OKOCHA**
Attorney for the Petitioner
**LAW OFFICES OF OSITA OKOCHA, P.C.**
88-14 Stphin Blvd, 2nd Floor
Jamaica, New York 11435
**Tel: (718) 279-1450**
**Tel: (212) 709-8143**
**Fax: (718) 279-1460**
**Email: LAWOSSY@aol.com**

Defendants Attorneys:

Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Att.: Michael A. Cardozo, Esq.
Tel: (212) 356-1000

## **VERIFICATION**

OSITA OKOCHA, affirms under the penalty of perjury:

That I am an attorney admitted to practice law in the State of New York and the attorney of record for the plaintiff with office located at 88-14 Sutphin Blvd, 2nd Fl, Jamaica, NY 11435, Borough and County of Queens and State of New York, and that I am acquainted with the facts and circumstances of the within action.

That your affirmant has read the foregoing COMPLAINT and knows the content thereof; that the Verified Complaint set forth therein stated to be alleged on information and belief and as to those matters I believe them to be true, said knowledge and belief are based upon my interviews with my CLIENTS-PLAINTIFFS and the case file.

That this verification is made by me and not by Plaintiffs because they reside outside the borough where my office is located.

DATED: Queens, New York
October 9, 2014

_____
OSITA OKOCHA, ESQ.