UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BOURENQUE LACEWELL, OTIS
POWELL, and ZAYQUAN POWELL,

               Plaintiffs,           **MEMORANDUM AND ORDER**

  -against-                        14-CV-5952 (FB) (PK)

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, and
JANE DOE and JOHN DOE 1-10,

               Defendants.
---------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| OSITE EMMANUEL OKOCHA | ZACHARY W. CARTER |
| 67 Wall Street | Corporation Counsel of the |
| Suite 2211 | City of New York |
| New York, NY 10005 | 100 Church St |
| | New York, NY 10007 |
| | |
| | By: OKWEDE N OKAH |
| | Assistant Corporation Counsel |

**BLOCK, Senior District Judge:**

      Bourenque Lacewell, Otis Powell, and Zayquan Powell (collectively, "plaintiffs"), bring claims against the City of New York, the New York City Police Department ("NYPD"), and ten unnamed officers (collectively, "defendants") under 42 U.S.C. § 1983 for false arrest, malicious prosecution, excessive use of force, and denial of medical attention. The defendants now move to dismiss the complaint as

barred by the statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6).

Section 1983 does not provide its own statute of limitations; therefore, the Court must "apply the most appropriate or analogous state statute of limitations." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221-22 (2d Cir. 2003) (internal quotation marks omitted); *see also Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). The parties agree that the applicable New York limitations period is three years.

The amended complaint states that the arrest in question took place on July 9, 2009; however, in their opposition to this motion, the plaintiffs now assert that the arrest occurred in April 2011. Considering that the original complaint was filed on October 10, 2014—more than three years after April 2011—regardless of which date the Court applies, the complaint is untimely.

However, with respect to Zayquan Powell's claims, he asserts—albeit without citation—that because he was a minor until March 5, 2012,[1] he had until March 5, 2015, to file his claim. Indeed, New York law tolls the statute of limitations for causes of action that accrue for individuals under the age of eighteen until they reach the age

---

[1] Although Zayquan Powell's date of birth is not included in the complaint, he represents that his birthday is March 5, 1994, and the City does not contest this date. Accordingly, the Court takes judicial notice of this fact and can consider it for the purposes of the motion to dismiss without converting it to a motion for summary judgment. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.").

of majority. *See Henry ex rel. Henry v. City of New York*, 94 N.Y.2d 275, 283 (1999); CPLR § 208. The defendants argue nonetheless that such tolling provision does not apply because Zayquan Powell has been represented by counsel and participated in a municipal hearing related to this matter. But the New York Court of Appeals rejected a similar argument when a parent filed a notice of claim on behalf of her infant son and the defendant argued this removed the protections of the infant-tolling statute. *Henry*, 94 N.Y. 2d at 283. The court explained:

> Infancy itself, the state of being "a person [under] the age of eighteen," is the disability that determines the toll. An interpretation of the infancy toll which measures the time period of infancy based on the conduct of the infant's parent or guardian cuts against the strong public policy of protecting those who are disabled because of their age. Because plaintiffs here were under the age of 18 when their causes of action accrued, they are entitled to the benefit of the infancy toll, and their claims against the City are not time-barred.

*Id*. (alteration in original) (citations omitted). Because the statute of limitations did not begin to run until Zayquan Powell turned eighteen, the complaint is timely as to his claims.

Although Zayquan Powell's claims against the City are timely, his claims against the NYPD must be dismissed because it is "a non-suable agency of the City," *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007), and any claims against unnamed defendants must be dismissed because the statute of limitations has run on his time to name any specific individual defendants. *Aslanidis v. U.S. Lines,*

3

*Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations.").

Accordingly, the motion to dismiss is denied as it relates to Zayquan Powell's claims against the City, and granted with respect to all other claims.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 20, 2016