UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BOURENQUE LACEWELL, OTIS POWELL,
and ZAYQUAN POWELL,

                  Plaintiffs,

  -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, and JANE
DOE AND JOHN DOE 1 THROUGH 10,
inclusive, the names of the last defendants
being fictitious, the true names of the
defendants being unknown to the plaintiff,

                  Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:14-cv-05952-FB-SJB

*Appearances*:
*For Plaintiff*:
OSITA EMMANUEL OKOCHA
Law Offices of Osita Okocha, P.C
88-14 Sutphin Blvd, 2nd Floor
Jamaica, NY 11435

*For Defendants*:
OKWEDE N. OKOH
VALERIE ELIZABETH SMITH
NYC Law Department
100 Church St
New York, NY 10007

**BLOCK, Senior District Judge:**

      Zayquan Powell sued the City of New York ("the City"), the New York City Police Department ("NYPD"), and Jane and John Doe officers of the NYPD under 42 U.S.C. § 1983 for constitutional violations stemming from his July 2009 arrest. In a prior Memorandum and Order dated June 20, 2016, the Court dismissed Powell's claims against the NYPD and the individual officers.[1] All that remains is Powell's *Monell* claim

---

[1] In that same Order, the Court also dismissed all claims of Powell's coplaintiffs, Bourenque Lacewell and Otis Powell, as time-barred. Powell's claims against the City were not time-barred, however, because they were tolled until he reached the age of eighteen.

against the City. The City moves to dismiss under Federal Rule of Civil Procedure 12(c), and, for the reasons discussed below, the motion is granted.[2]

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In his Amended Complaint, Powell alleged the following facts. In July 2009, several NYPD Officers came to Powell's home, woke him up, drew their weapons, accused him of committing a crime, and arrested him without probable cause. During the arrest, officers pushed him against the wall with unnecessary force and placed him in handcuffs that were too tight. Powell was taken to the police precinct but released sometime the next day. Powell further alleged that the City, "as a matter of policy and practice," showed deliberate indifference to his constitutional rights by failing to

---

[2] Before Powell had submitted his opposition, which was late, the City also moved to dismiss the Amended Complaint under Rule 41(b) for failure to prosecute. Because Powell has cured the defect without excessive delay, the motion to dismiss for failure to prosecute is denied.

2

discipline, monitor, and train its officers regarding the violation of constitutional rights.

To establish liability under *Monell*, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). At the pleading stage, even before *Twombly* and *Iqbal*, "the mere assertion . . . that a municipality has such a custom or policy [was] insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 1000 (2d Cir. 1993)). "In light of [*Twombly* and *Iqbal*], it is now clear that such boilerplate claims do not rise to the level plausibility." *Santiago v. City of New York*, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009).

Powell's allegations of an official policy or practice are "boilerplate claims" devoid of virtually any factual content, let alone enough to survive a motion to dismiss. Powell does not state what policy or practice contributed to the alleged constitutional deprivation. He simply states, without elaboration and without citing a single instance beyond the one allegedly experienced by him and his coplaintiffs, that the City has a policy and practice of failing to discipline, monitor, and train its officers regarding constitutional violations. Powell's allegations do not support an inference of an official policy or practice, and they do not connect the alleged constitutional violations he suffered to any particular policy or practice of the City. Powell therefore fails to state

3

a *Monell* claim. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.").

Powell also requests leave to amend. However, he has already filed an amended complaint, and he failed to follow through on the Court's previous invitation to file a second amended complaint. Moreover, his present submissions specifically "suggest[] no new material [he] wishes to plead." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Repleading is therefore denied as futile.

The City's motion to dismiss under Rule 12(c) is GRANTED.

**SO ORDERED**

                                              /S/ Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
March 12, 2018